**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| JAMES WILLIAM PATTERSON | CIVIL NO. 05-1531 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GNB TECHNOLOGIES, INC. ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Plaintiff James William Patterson ("Patterson) filed the instant matter against Exide Technologies ("Exide")(erroneously referred to as "GNB Technologies" and "Exide Group Incorporated") in state court seeking damages for breach of contract and penalties under state law. Patterson's claims concern pension benefits pursuant to an ERISA plan. Exide removed the matter to this Court. Before the Court is Exide's Motion to Dismiss, or in the alternative, Motion for Summary Judgment. [Doc. No. 7]. Exide's motion asserts numerous defenses, including that Patterson's claims (1) are "pre-petition claims" which were discharged in bankruptcy; (2) are preempted by ERISA; (3) are untimely; (4) should have been asserted against the pension plan itself; (4) are preempted by Section 301 of the Labor Management Relation Act, and (5) are without merit. Because the Court finds that Patterson's claims are unquestionably preempted by ERISA, and since any ERISA claim is untimely, the Court finds that summary judgment is proper without even addressing the remainder of Exide's meritorious defenses.

## I. FACTUAL BACKGROUND.

Patterson began working at the Shreveport battery manufacturing facility on September 17, 1968, when it was operated by Ford Motor Company.[1] His employment continued thereafter with the subsequent acquirers of the facility. By March of 1987, the employer was GNB Incorporated and/or GNB Batteries Inc., which became GNB Technologies Inc. Exide became successor to GNB Technologies Inc. in a much later merger.

At all pertinent times, Patterson was an hourly employee at the Shreveport facility whose job classification was within the bargaining unit covered by a collective bargaining agreement (the "CBA") between GNB (Exide's predecessor) and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and its Local Union UAW Local 1532 (the "Union"). [Doc. No. 7, Hitchman aff., Ex. 1].[2]

Sometime in early March of 1987, Patterson claimed that he could no longer work due to a back injury. His last day at work was March 4, 1987. [Hitchman aff.]. After his injury, Patterson unsuccessfully sought worker's compensation benefits. See Patterson v. GNB Battery, Inc., 569 So.2d 640 (La. App. 2 Cir. 1991). However, pursuant to benefit plans established by his employer, Patterson did receive 26 weeks of short-term disability benefits ($180 per week) followed by long-term disability benefits ($695 per month) which

---

[1] Since Patterson failed to submit any competent summary judgment evidence to dispute any of the evidence submitted by Exide, Exide's statement of material facts is accepted by the Court as undisputed. The "State of Material Facts" submitted by Patterson is not supported by evidence and does not create any genuine issues of material fact.

[2] Derrel Hitchman is the Human Resources Manager–Transportation Business Group of Exide Technologies.

he continued to receive until they were offset against a larger social security benefit he began receiving.³ [Id., Exs. 5-7]. Patterson also received his life insurance benefit of $17,000 in 50 monthly installments of $340 each, beginning October 28, 1998. [Id.]

On January 6, 1993 (almost 6 years after his injury), Patterson applied to Exide for a Disability Retirement. [Hitchman aff., Ex. 9] This benefit was offered pursuant to an employee pension benefit plan offered by GNB (the "Shreveport Hourly Pension Plan" referred to by Patterson, which was actually the Shreveport component of the GNB Pension Plan). [Doc. No. 7, Rose aff. and exhibits thereto].⁴ Under that plan (now the Exide Technologies Retirement Plan), a participant is eligible to begin receiving disability retirement benefits if he is age 45 or older, has completed at least 10 years of vesting service, and is disabled prior to his normal retirement date." [Id.; Hitchman aff., Exs. 11-13]. At the time of his disability in March of 1987, Patterson was only 44 years of age. [Hitchman aff., Ex. 10]. Accordingly, Exide informed him in a letter dated April 14, 1993 that he was not eligible for a Disability Pension. [Id., Ex. 14]. Although Patterson repeated his request for a Disability Pension on several occasions, he was informed each time that he was not eligible because of his age.⁵ [Id., Exs. 15-18]

Patterson filed the instant lawsuit in state court on July 28, 2005 seeking damages

---

³The Social Security Administration found that Patterson's period of disability commenced on March 9, 1987. [Hitchman aff., Ex. 8].

⁴Danielle R. Rose is Director of Employee Benefits for Exide Technologies.

⁵Although not eligible for a Disability Retirement, Patterson was entitled to a Deferred Vested Pension Benefit, payable monthly, beginning at age 65. [Id., Ex. 14-15] Patterson ultimately elected to begin receiving reduced benefits at the age of 62, which benefits he continues to receive today. [Id., Ex. 20].

for "breach of contract" on account of Exide's refusal to give him full pension benefits under the Disability Retirement provisions of its plan. Oddly enough, he also seeks penalties pursuant to Louisiana state statutes governing ordinary insurance contracts.

## II. LAW AND ANALYSIS.

### A. Summary Judgment Standard.[6]

Summary judgment will be granted when "... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.56(c); See Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact. Liquid Air Corp., 37 F.3d at 1075. A dispute over a material fact is genuine, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Kee v. City of Rowlett Texas, 247 F.3d 206, 210 (5th Cir. 2001). If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. Liquid Air Corp., 37 F.3d at 1075.

If the movant does, however, meet this burden, the burden shifts and the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. 317, 106 S.Ct. 2548. To that end, the Court must view the facts and the inferences to be drawn therefrom in the light most favorable

---

[6]The motion before this Court is a motion to dismiss or, in the alternative, a motion for summary judgment. Since the Court is considering evidence submitted by the parties in reaching its ruling, the Court will treat the motion as a motion for summary judgment under Federal Rule of Civil Procedure 56.

to the nonmoving party. Ameristar Jet Charter v. Signal Composites, 271 F.3d 624, 626 (5th Cir. 2001). However, the Court will not assume that the nonmoving party could or would prove the necessary facts. Liquid Air Corp., 37 F.3d at 1075. The nonmoving party's burden will not be satisfied by "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Id. Therefore, summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Armstrong v. City of Dallas, 997 F.2d 62 (5th Cir. 1993); see generally Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986).

With these principles in mind, we now turn to a review of the claims at issue in the instant case.

**B.     ERISA Preemption.**

ERISA applies to any employee benefit plan if it is established or maintained by an employer or an employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003(a). ERISA regulates two distinct types of benefit programs that may be offered to employees – pension plans and welfare plans. Patterson's claims concern benefits under a pension plan. The terms "employee pension benefit plan" and "pension plan" mean any plan, fund, or program established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program provides retirement income to employees, or results in a deferral of income by employees for periods extending to the termination of covered employment or beyond. 29

U.S.C. §1002(2)(A). Accordingly, the "contract" which Patterson alleges his employer "breached" by refusing to pay his disability retirement benefits was an ERISA plan and is not in any manner subject to regulation by the Louisiana Insurance Code.

The preemption clause in ERISA states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employer benefit plan." 29 U.S.C. § 1144(a) (expressly excepting two situations not applicable here). State law causes of action such as Patterson's are barred by § 1144(a) if (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries. Weaver v. Employers Underwriters, Inc., 13 F.3d 172, 176 (5th Cir.1994); Memorial Hosp. System v. Northbrook Life Ins. Co., 904 F.2d 236, 245 (5th Cir.1990). The language of the ERISA preemption clause is deliberately expansive, and has been construed broadly by federal courts. Corcoran v. United Healthcare, Inc., 965 F.2d 1321, 1328-29 (5th Cir.1992). A state cause of action relates to an employee benefit plan whenever it has "a connection with or reference to such a plan." Id. at 1329 (*citing* Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2899-2900, 77 L.Ed.2d 490 (1983)).

Plaintiff's counsel gives short shrift to the vast expanse of ERISA preemption, arguing in two paltry paragraphs, without benefit of citation to legal authority, that "[t]his is not an ERISA case but rather a contractual case for the pension funds that plaintiff has an absolute right to." [Doc. No. 20, 5th page]. Notwithstanding counsel's bald contentions, it is patently clear that Patterson's claim addresses an area of exclusive federal concern

(the right to receive benefits under an ERISA plan) and affects the relationship between an employer and a plan participant. His claimed state cause of action clearly "relates to" that plan and hence is clearly preempted by ERISA. His claim pursuant to Louisiana Revised Statutes 22:657 (contained within the Louisiana Insurance Code) is likewise preempted. See Hogan v. Kraft Foods, 969 F.2d 142, 145 (5th Cir. 1992).

### C. Timeliness of Plaintiff's ERISA Claim.

Patterson's only possible claim would be under ERISA. In a suit to recover benefits under an ERISA plan, the Court looks to analogous state law to determine the statute of limitations, and under Louisiana law, the state's ten-year prescription period for personal actions under article 3499 of the Louisiana Civil Code is the most analogous state statute. See Hall v. Nat'l Gypsum Co., 105 F.3d 225, 230 (5th Cir.1997); Kennedy v. Electricians Pension Plan, IBEW No. 995, 954 F.2d 1116, 1120 (5th Cir.1992). Here, Patterson's ERISA cause of action accrued when his request for benefits was denied in April of 1993. Hogan v. Kraft Foods, 969 F.2d 142, 145 (5th Cir.1992). Accordingly, the claims asserted in the instant lawsuit (filed in July of 2005) are untimely and summary judgment dismissing those claims is appropriate as a matter of fact and law.

## III. CONCLUSION.

After reviewing the entire record, the Court finds that summary judgment in favor of Defendant Exide Technologies (erroneously referred to as "GNB Technologies" and "Exide Group Incorporated") is proper as a matter of fact and law. Given Plaintiff's counsel's blatant disregard for the clearly applicable and well-settled law, the Court finds that Exide is entitled to attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**THEREFORE, IT IS ORDERED** that Defendant's Motion for Summary Judgment [Doc. No. 7] is hereby **GRANTED,** and that Plaintiff's claims are dismissed, with prejudice, at his sole cost.

**IT IS FURTHER ORDERED** that Plaintiff's counsel pay Defendant for attorney's fees and costs incurred in connection with filing and pursuing its Motion for Summary Judgment. Defendant shall file its Motion for Attorney's Fees and Costs in accordance with Federal Rule of Civil Procedure 54(d).

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 6th day of June, 2006.

```
                              _____
                                    S. MAURICE HICKS, JR.
                                 UNITED STATES DISTRICT JUDGE
```