**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| JAMES WILLIAM PATTERSON | CIVIL NO. 05-1531 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GNB TECHNOLOGIES, INC. ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Plaintiff James William Patterson ("Patterson") filed the instant matter against Exide Technologies ("Exide")(erroneously referred to as "GNB Technologies" and "Exide Group Incorporated") in state court seeking damages for breach of contract and penalties under state law. Patterson's claims concern pension benefits pursuant to an ERISA plan. Finding that Patterson's claims were unquestionably preempted by ERISA, and since any ERISA claim was untimely, the Court granted summary judgment in favor of Exide. [Rec. Doc. 23]. Now before the Court is Exide's Motion for Attorneys' Fees pursuant to Rule 54(d)(2)(A) of the Federal Rules of Civil Procedure and 29 U.S.C. § 1132(g). [Rec. Doc. 24].

In deciding whether to award attorneys' fees to a party under §1132(g), the Fifth Circuit has stated that courts should consider the following factors: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an

ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255 (5th Cir. 1980). No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address in applying §1132(g). In the ruling on the motion for summary judgment in the instant case, this Court found that Plaintiff's counsel had exhibited blatant disregard for the clearly applicable and well-settled law concerning ERISA preemption. [Doc. No. 22]. Under the circumstances of this case, the Court finds that assessing attorneys' fees against Plaintiff's counsel pursuant to §1132(g) is justified under the applicable factors.

Defense counsel has submitted an affidavit and detailed billing records which indicate that it incurred $8,088.00 in attorneys' fees. Plaintiff's counsel has failed to submit anything to suggest that this amount is unreasonable. Accordingly, the Court will assess attorneys' fees pursuant to §1132(g) in that amount. The Court declines to assess costs in addition to the attorneys' fees.

Therefore:

**IT IS ORDERED** that within 30 days of the date of this order, Plaintiff's counsel, Jack Bailey Law Corporation, or Jack M .Bailey, Jr. as signatory attorney, pay Defendant $8,088.00 pursuant to 29 U.S.C. §1132(g) for attorneys' fees incurred in connection with filing and pursuing its Motion for Summary Judgment.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 11th day of July, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE